IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Nashville Division

PATRICK PERKINS,
and others similarly situated,

    Plaintiff,

v().  No.: _____

SPECTRACORP OF TENNESSEE, d/b/a
FANN MECHANICAL CO., and
RANDALL FANN,

    Defendants.

FLSA COLLECTIVE ACTION
JURY DEMAND

## COMPLAINT

PLAINTIFF, PATRICK PERKINS, brings this action against the Defendants on behalf of himself and others similarly situated.

### I. PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* and the Tennessee Human Rights Act, T.C.A. § 4-21-101, et seq.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1337. The Court has supplemental jurisdiction over Plaintiffs' state law claims. The Court has personal jurisdiction over Plaintiffs. The Court has personal jurisdiction over SPECTRACORP OF TENNESSEE ("Spectracorp"), which is a Tennessee corporation. The Court has personal jurisdiction over the individual defendant, who is a resident of Rutherford County, Tennessee.

3. Venue also lies in the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because

a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4. Plaintiff and others similarly situated are current or former employees of Defendant. During their employment with Defendant, Plaintiff and others similarly situated are and have been covered employees under the FLSA. Plaintiff also submits a claim for racially hostile work environment and wrongful discharge not subject to Plaintiff's request for collective action.

5. Defendants are covered employers under the FLSA. Upon information and belief, Defendant Randall Fann has been solely or substantially responsible for failing to pay Plaintiff and those similarly situated correct overtime compensation under the FLSA. During the statutory period, Defendant Randall Fann has been a person acting directly or indirectly in the interest of all Defendants in relation to the Plaintiffs and is thus an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

6. In addition to the named Plaintiffs, Defendants employ and have employed within the last six years additional similarly situated employees.

## II. INTRODUCTION

7. Plaintiffs bring this claim individually and as part of a collective action, under the FLSA, 29 U.S.C. § 216(b) on behalf of other employees of Defendants who were denied overtime compensation. The collective action claims are for overtime compensation, non-overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b). Plaintiff has filed his Consent Forms to be a party plaintiff herewith.

## III. FACTUAL BASIS FOR SUIT

8. Spectracorp is a business that provides plumbing, electrical, and HVAC services to its

2

Case 3:16-cv-00220   Document 1   Filed 02/12/16   Page 2 of 8 PageID #: 2

individual and corporate clients.

9. Plaintiff is a former employee of Defendants; however, Defendants incorrectly categorized Plaintiff and others similarly situated as independent contractors.

10. Plaintiff worked for Defendants for approximately 12 years until his discharge in or about January, 2016.

11. Plaintiff is African American.

12. Defendant Fann repeatedly used racially derogatory terms, including the "N" word, in the workplace.

13. Defendants ceased allowing Plaintiff to work in or about January, 2016.

14. Defendant Fann told Plaintiff that he no longer had work for Plaintiff to do; however, Defendant Fann has continued to provide work to non-African American workers.

15. Plaintiff performed work in excess of forty (40) hours per week on a regular and repeated basis.

16. Defendants paid straight pay, not one and one-half the regular hourly rate, for overtime hours worked.

17. Hourly employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

18. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

19. Plaintiff was regularly and repeatedly not compensated for overtime hours worked.

20. Likewise, other similarly situated employees regularly and repeatedly worked overtime

and not compensated.

21. Defendants' intentional failure to pay Plaintiff and other similarly situated employees overtime wages are willful violations of the FLSA.

22. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, straight time compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees of Defendants are similarly situated to Plaintiff with regard to their wages and damages, in that they have been denied proper compensation for at least six (6) years prior to the filing of this complaint. Plaintiff is a representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action. Those similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records. These similarly situated employees may readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for unpaid compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

23. During his time with Defendant, Plaintiff was subjected to a racially hostile work environment.

## IV. CAUSES OF ACTION

### Count 1

24. The forgoing facts are incorporated by reference as if fully stated herein.

25. Plaintiff, on behalf of himself and others similarly situated, bring the following cause of action against Defendants:

4

A. Willful failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938;

B. Unjust enrichment/Quantum Meruit/Breach of Contract; and

C. Violation of the Tennessee Wage Regulation Act.

## Count 2

26. The foregoing facts are incorporated by reference as if fully alleged herein, and this Count is brought by Young individually.

27. The harassing actions and statements, referencing Plaintiff's race constitute discriminatory practices, as defined in the Tennessee Human Rights Act at T.C.A. § 4-21-102(3) and § 4-21-401(1) and (2).

28. Defendant is an "employer" as defined in the Tennessee Human Rights Act at T.C.A. § 4-21-102(4).

29. There is a proximate and causal connection between the harassment Plaintiff suffered at his place of employment and his status as a member of the protected class of his race, African American.

30. The unwelcome harassment Plaintiff suffered affected the terms, conditions, and privileges of his employment.

31. Plaintiff's employer knew or should have known of the slurs and harassment Plaintiff endured, but failed to take any appropriate or prompt remedial action.

32. The harassment and discrimination to which Plaintiff was subjected constituted an unreasonably abusive or offensive work-related environment and adversely affected Plaintiff's ability to do his job.

33. Plaintiff suffered an adverse employment action as a result of his supervisors' actions, including discharge.

34. There is a proximate and causal connection between the adverse employment action suffered by Plaintiff and the race based animus of his supervisor.

35. Plaintiff was damaged by the actions of Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF pray for the following relief:

36. Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to all current and former non-exempt employees during the six (6) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked hours for which they were not paid;

37. A declaratory judgment that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiffs and similarly situated persons who opt into this action;

38. A declaratory judgment that Defendants' violations of the FLSA were willful;

39. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of unpaid compensation to be proven at trial;

40. An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

41. An award to Plaintiff and others similarly situated who opt into this action of reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b);

42. A trial by jury;

43. An award of such other and further legal and equitable relief as may be appropriate; and

44. Plaintiff Young individually seeks the following damages and remedies pursuant to T.C.A. § 4-21-306:

    A. Damages for stress, anxiety, humiliation and embarrassment proximately caused by the discriminatory and harassing actions of the Defendant and its employees;

    B. A permanent INJUNCTION, enjoining the Defendants, its agents and representatives, from engaging in discriminatory and harassing acts, the making of racial statements;

    C. Back pay, front pay, and interest thereon;

    D. Attorney's fees and litigation expenses incurred in the filing and prosecution of this action; and

    E. General and equitable relief and court costs incurred in this action.

Respectfully submitted,

_____
Kerry E. Knox, TN No. 23302
117 South Academy Street
Murfreesboro, TN 37130
(615) 896-1000
kek@castelliknox.com

_____
Stephen W. Grace, TN No. 14867
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225
(615) 255-5895 (fax)
sgrace@sgracelaw.com

Attorneys for Plaintiff

## Consent Form

I, Patrick Perkins, hereby give written consent under section 216(b) of the Fair Labor Standards Act to be a party plaintiff in a collective action against Spectracorp of Tennessee, and Randall Fann.

*Patrick C. Perkins*

Date: 2/15/16